**RECORD NO. 15-4230**

In The

# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**WILLIAM DELANO RICE,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

———————

**BRIEF OF APPELLANT**

———————

**J. Clark Fischer**
**RANDOLPH & FISCHER**
**407 Summit Street**
**Winston-Salem, NC  27101**
**(336) 724-3513**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

## TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES .................................................................................. iii

STATEMENT OF APPELLATE JURISDICTION ..................................................1

STATEMENT OF ISSUES PRESENTED ................................................................1

STATEMENT OF THE CASE ...................................................................................1

      Statement of Facts..............................................................................................2

SUMMARY OF ARGUMENT ..................................................................................5

ARGUMENT ...............................................................................................................5

      I.    THE GOVERNMENT'S EVIDENCE FAILED TO SHOW MORE THAN SUSPICION THAT DEFENDANT POSSESSED EITHER THE HANDGUN OR AMMUNITION LOCATED IN THE BAILEY VEHICLE ............................................5

           A.    APPLICABLE STANDARD OF REVIEW ...............................5

      II.   THE GOVERNMENT FAILED TO PRODUCE EVIDENCE FROM WHICH A REASONABLE FACT FINDER COULD FIND GUILT BEYOND A REASONABLE DOUBT UNDER THE JACKSON V. VIRGINIA STANDARD ......................................6

      III.  THE GOVERNMENT'S EVIDENCE FAILED TO SHOW THAT THE MARIJUANA FOUND ON APPELLANT'S PERSON WAS POSSESSED FOR ANYTHING OTHER THAN PERSONAL USE .......................................................................9

CONCLUSION ................................................................................................. 11

REQUEST FOR ORAL ARGUMENT ................................................................. 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

**Page(s):**

**CASES:**

Jackson v. Virginia,
    443 U.S. 307, 99 S. Ct. 2781 (1979) ...................................................... 5, 6, 9

United States v. Alerre,
    430 F.3d 681 (4th Cir. 2005), cert denied,
    547 U.S. 1113, 126 S. Ct. 1925, 164 L. Ed. 2d 667 (2006) ........................... 5

United States v. Armstrong,
    187 F.3d 392 (4th Cir. 1999) ............................................................................ 6

United States v. Bell,
    954 F.2d 232 (4th Cir. 1992),
    overruled on other grounds by
        United States v. Burgos, 94 F.3d 849 (4th Cir. 1996) ...................... 6, 10

United States v. Blue,
    957 F.2d 106 (4th Cir. 1992) ...................................................................... 8, 9

United States v. Burgos,
    94 F.3d 849 (4th Cir. 1996) .............................................................................. 6

United States v. Fisher,
    912 F.2d 728 (4th Cir. 1990) .......................................................................... 10

United States v. Fountain,
    993 F.2d 1136 (4th Cir. 1993) ................................................................. 10, 11

United States v. Herder,
    594 F.3d 352 (4th Cir. 2010) ............................................................................ 6

United States v. Nelson,
    6 F.3d 1049 (4th Cir. 1993) .............................................................................. 6

United States v. Penniegraft,
    641 F.3d 566 (4th Cir. 2011) ............................................................................ 5

United States v. Randall,
    171 F.3d 195 (4th Cir. 1999) ............................................................................10

United States v. Soto,
    779 F.2d 558 (9th Cir. 1986) ..............................................................................8

**STATUTES:**

18 U.S.C. § 922(g) ......................................................................................................6

28 U.S.C. § 1291 ........................................................................................................1

**RULES:**

Fed. R. App. P. 4(b) ....................................................................................................1

Fed. R. Crim. P. 29 .....................................................................................................5

## STATEMENT OF APPELLATE JURISDICTION

This appeal is taken from a final Judgment of the District Court which disposed of all pending issues. Appeal is taken as a matter of right pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. sec. 1291.

## STATEMENT OF ISSUES PRESENTED

**I. WHETHER THE GOVERNMENT'S EVIDENCE WAS CONSTITUTIONALLY INSUFFICIENT BECAUSE IT FAILED TO SHOW MORE THAN SUSPICION THAT DEFENDANT POSSESSED EITHER THE HANDGUN OR AMMUNITION LOCATED IN THE BAILEY VEHICLE?**

**II. WHETHER THE GOVERNMENT'S EVIDENCE FAILED TO SHOW THAT THE MARIJUANA FOUND ON APPELLANT'S PERSON WAS POSSESSED FOR ANYTHING OTHER THAN PERSONAL USE AND THUS DID NOT SUPPORT HIS CONVICTION OF POSSESSION WITH INTENT TO DISTRIBUTE?**

## STATEMENT OF THE CASE

Indictment issued June 30th, 2014, charging Appellant with possession of a firearm by a felon and possession of marijuana with intent to distribute. (App. 11) Superseding indictment filed October 28th, 2014, added counts of possession of ammunition by a convicted felon and possession of a firearm in furtherance of a drug trafficking offense. (App. 13) Defendant was tried January 12-13, 2015, before the Honorable Catherine C. Eagles, United States District Judge. (App. 23) Defendant was convicted of the two felon in possession counts and the possession of marijuana

1

with intent to distribute count, but acquitted of possession of a firearm in furtherance of a drug trafficking offense. (App. 226)

The District Court sentenced Defendant to a term of imprisonment of 92 months. (App. 264) Defendant gave timely Notice of Appeal. (App. 262)

**Statement of Facts**

Officer Phillip Yates of the Winston-Salem Police Department conducted a traffic stop on February 28th, 2014, based upon information that the owner of the vehicle under suspicion had a suspended license. (App. 46) The vehicle was a Toyota Corolla driven by Joshua Bailey. (App. 47) Defendant was sitting in the passenger seat. Id.

After Yates detected an odor of marijuana he asked Bailey to exit the car while Rice remained inside. Id. After searching Bailey and discovering no weapons, Officer Boles searched Defendant. (App. 48) Yates stated he observed a magazine for a weapon sitting in the center of the passenger seat. Id. Yates then looked under the passenger seat and located a .40 caliber Glock handgun with the magazine removed. (App. 49-50) A further search of Rice revealed marijuana on his person. Id.

On cross-examination, Yates agreed that he had no information about any fingerprints on the Glock. (App. 64) $49 was seized from Defendant at the time of his arrest. (App. 65)

2

On redirect Yates testified that the total weight of the marijuana seized was 13.746 grams. (App. 67)

Officer Andrew Boles assisted Yates by approaching the passenger side of the Corolla.(App. 71) Boles also smelled marijuana coming from the car. Id. Boles did not discover any weapons when conducting a Terry frisk of Defendant. (App. 72) After the Glock was located search incident to arrest revealed a large plastic baggie containing several small baggies of marijuana inside Defendant's waistband. (App. 73)

On cross-examination, Boles agreed that he did not see the magazine on the seat when he removed Rice from the vehicle. (App. 80)

Forensic services squad supervisor Temeshia Branch processed the Glock located in the Bailey vehicle and six Winchester Smith and Wesson live rounds. (App. 84) Branch located two latent prints on the ammunition. Id. Latent print examiner Masago Ballard examined the two print cards but was unable to make any identification. (App. 95)

ATF Special Agent Matthew Amato testified that the firearm and ammunition were manufactured outside the state of North Carolina. (App. 101, 103)

Testifying for the defense, Joshua Bailey admitted that he was the driver of the Corolla where the disputed items were found. (App. 108) Rice had gotten in the

3

vehicle after Bailey agreed to give him a ride to the store. Id. According to Bailey, the car did not have a working interior light. Id.

Bailey testified that he was not the owner or the Corolla and did not know who owned the weapon found inside. (App. 113) He never saw the pistol and never observed Rice with the pistol. (App. 115) Bailey had borrowed the car and had been driving it "on and off" for several days prior to the traffic stop. Id.

On cross-examination, Bailey stated that he had never observed the ammunition magazine during the several days he had been intermittently driving the Corolla. (App. 122) In a pretrial affidavit Bailey had taken "full responsibility of the handgun that was located and seized in the vehicle." (App. 123) Bailey explained his affidavit and admission as based on his being the driver of the vehicle. (App. 123)

Testifying on his own behalf, Appellant admitted going out on February 28th, 2014, "to get a couple drinks and smoke a little marijuana."(App. 130) He did not take any weapon with him when he went out that evening. (App. 131) Eventually Rice met Bailey who agreed to drive him to a Circle-K to buy cigarettes and cigars. (App. 132) The cigars were to use in smoking marijuana. Id. Rice purchased the marijuana found on his person while at the Cue and Spirts bar, and testified it was for his personal use. (App. 133-4) He specifically denied the weapon found in the vehicle was his. (App. 135)

4

## SUMMARY OF ARGUMENT

The prosecution's evidence raised no more than suspicion either that Appellant was in constructive possession of the handgun or ammunition located in the car in which he was riding as a passenger or that he possessed the less than one/half ounce of marijuana located on his person with intent to distribute. The evidence was thus legally insufficient to support Appellant's convictions under the controlling authority of Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979).

## ARGUMENT

**I. THE GOVERNMENT'S EVIDENCE FAILED TO SHOW MORE THAN SUSPICION THAT DEFENDANT POSSESSED EITHER THE HANDGUN OR AMMUNITION LOCATED IN THE BAILEY VEHICLE**

**A. APPLICABLE STANDARD OF REVIEW**. As noted by this Court in United States v. Penniegraft, 641 F.3d 566 (4th Cir. 2011), appellate review of denial of a Rule 29 motion is conducted de novo. See also, United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert denied, 547 U.S. 1113, 126 S. Ct. 1925, 164 L. Ed. 2d 667 (2006).  While the Court must consider the evidence in the light most favorable to the prosecution, a conviction must be reversed if no "rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." Penniegraft, supra, citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In other words,

[t]The court must be satisfied that there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)

## II. THE GOVERNMENT FAILED TO PRODUCE EVIDENCE FROM WHICH A REASONABLE FACT FINDER COULD FIND GUILT BEYOND A REASONABLE DOUBT UNDER THE JACKSON V. VIRGINIA STANDARD

In order to establish Defendant's guilt on either the Count one or count three 18 U.S.C. sec. 922(g) counts, it was incumbent on the prosecution to prove that Rice was in either actual or constructive possession of the Glock handgun, the magazine with ammunition, or both. As discussed in United States v. Herder, 594 F.3d 352 (4th Cir. 2010),

> A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed. United States v. Armstrong, 187 F.3d 392, 395 (4th Cir. 1999). Proof of constructive possession requires proof the defendant had knowledge of the presence of the contraband, United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992), overruled on other grounds by United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996), but "[Constructive possession may be established by either circumstantial or direct evidence." United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). Either way, a fact finder may properly consider the totality of the circumstances surrounding the defendant's arrest and his alleged possession. Bell, 954 F.2d at 235. Herder, at 358

Applying these principles to the evidence before the Court, Appellant would note the following deficiencies in the Government's proof:

6

1) Rice was not the owner or driver of the Toyota Corolla stopped by the Winston-Salem Police Department, and thus there was no inference arising from control of the vehicle that Rice also was aware of the presence of the firearm or magazine. Certainly he did not have "ownership, dominion, or control" of the car in which the weapon and magazine was located.

2) No fingerprint evidence was found linking Rice to either item. Indeed, the Government presented no forensic evidence at all against Appellant. Thus there was absolutely no evidence from the jury could reasonably have concluded that Appellant ever touched either item.

3) The Glock handgun was located underneath the passenger seat. Dispassionate review of the testimony of either arresting officer gives no indication that the position of the weapon was such that Rice was able to view it from his position sitting in the passenger seat. Absent the unlikely and totally speculative assumption that Rice must, at some point, have chosen to bend over the look under the seat, there was not even suspicion that he had any knowledge of the weapon's existence, much less its presence in the Corolla.

4) Officer Boles testified that did not observe the magazine on the seat when he removed Rice from the vehicle. If a trained law enforcement officer did not see the magazine, there is not even a circumstantial basis for a jury to conclude that Appellant was aware of the magazine's presence.

Based on the foregoing, Appellant contends the evidence was legally insufficient to convict him of being in constructive possession of either the handgun or the ammunition. All the prosecution proved was proximity, which undisputedly cannot support a jury finding of knowing possession.

The decision of this Court in United States v. Blue, 957 F.2d 106 (4th Cir. 1992), is highly instructive and furnishes strong support for Appellant's argument. There, as here, defendant was charged with constructively possessing a firearm while being a convicted felon. Also as in the case sub judice, defendant was a passenger in a care where a gun was located underneath the passenger seat. The prosecution based its case on the fact that Blue's shoulder dipped as the officer approached and the gun was located underneath Blue's seat. In reversing Blue's conviction, the Court reasoned as follows:

> These facts alone do not justify a finding of constructive possession. To uphold a finding of constructive possession, this court requires more evidence of dominion and control than the government has offered here. As the Ninth Circuit explained, "[i]t is well established that mere presence as a passenger in a car from which the police recover weapons does not establish possession. The mere proximity of a weapon to a passenger in a car goes only to its accessibility, not to the dominion or control which must be proved to establish possession." United States v. Soto, 779 F.2d 558, 560 (9th Cir. 1986) (citations omitted) (reversing conviction for possession of three pistols found in car in which defendant was riding even though two of the pistols were found behind defendant's seat and within his reach).
>
> Beyond Clobes' claim that he saw Blue's shoulder dip and the discovery of the pistol underneath the passenger seat, the government did not substantiate its case against Blue. **It did not produce**

8

> **fingerprints or any other physical evidence which would link Blue with the gun. The government introduced no evidence demonstrating that Blue owned the gun or testimony that Blue had been seen with the gun. The car in which the gun was found did not belong to Blue; in fact, no evidence indicated that Blue had ever been in that car before. Without more evidence than that proffered by the government, we cannot sustain Blue's conviction.** Blue, at 108(emphasis added)

The cogent reasoning of Blue applies with equal force here. Indeed, the evidence is even weaker given that there was no testimony that Rice made even the sort of furtive movement in the car that the Government relied upon there. There was a total lack of any evidence that Appellant had any knowledge of the Glock under the seat, and only rank speculation that he was aware of the magazine in the passenger seat which even the arresting officer did not see on first viewing. Based on the foregoing, the Government's evidence was legally inadequate under Jackson v. Virginia to sustain Appellant's convictions on Counts one and three.

### III. THE GOVERNMENT'S EVIDENCE FAILED TO SHOW THAT THE MARIJUANA FOUND ON APPELLANT'S PERSON WAS POSSESSED FOR ANYTHING OTHER THAN PERSONAL USE

Defendant respectfully submits that the Government's evidence was likewise insufficient to allow more than speculation that he possessed the small quantity of marijuana found in his apartment with intent to distribute. It is well-settled, of course, that

> [t]o convict a defendant of possession with the intent to distribute, the government must prove: (1) possession of a narcotic controlled

9

      substance; (2) knowledge of the possession; and (3) the intent to distribute. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999).

Past decisions establish that intent to distribute may be inferred from a number of circumstantial factors, including the quantity of drugs, the way the drugs are packaged, whether and how the drugs are hidden and the amount of cash seized with the drugs. See generally, United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992), United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990).

      However, none of these factors are singly determinative, and it is clear that mere proximity of a defendant to a quantity of a controlled substance is insufficient to support a conviction. The decision in United States v. Fountain, 993 F.2d 1136 (4th Cir. 1993) is highly probative and provides strong support for Defendant's argument There the defendant was convicted in a bench trial of possession of marijuana with intent to distribute as well as possession of a firearm during and in relation to a drug trafficking crime. The evidence showed that Fountain was observed in a heavy drug trafficking area following an anonymous tip to law enforcement. He had two handguns in his clothing, and three baggies of marijuana totaling 2.3 grams were discovered during processing incident to arrest.

      Despite these clearly incriminating circumstances, this Court held the evidence insufficient to support Fountain's conviction, noting that proof beyond a reasonable doubt requires more than "just suspicions, insufficient enough to sustain

10

a conviction." <u>Id</u>., at 1139. The same reasoning applies to the case at bar where the evidence of illicit intent is even weaker, and compels a similar result.

## CONCLUSION

For the reasons set forth herein, Appellant respectfully requests that his convictions be set aside on the grounds of evidentiary insufficiency, and the cause remanded to the District Court for entry of judgment of acquittal.

## REQUEST FOR ORAL ARGUMENT

Counsel for appellant hereby requests oral argument on the issue raised herein.

Respectfully submitted, this the 7th day of July, 2015.

/s/ J. Clark Fischer
J. Clark Fischer
Attorney for Appellant
**Randolph and Fischer**
407 Summit Street
Winston-Salem, NC  27101
336-724-3513
NCSB#9217

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains <u>2,534</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

/s/ J. Clark Fischer
J. Clark Fischer
*Counsel for Appellant*

Dated: July 7, 2015

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 7, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Andrew C. Cochran
>OFFICE OF THE
>  UNITED STATES ATTORNEY
>101 South Edgeworth Street
>4th Floor
>Greensboro, NC  27401
>(336) 333-5351

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

>/s/ Karen R. Taylor
>Karen R. Taylor
>GIBSON MOORE APPELLATE SERVICES, LLC
>421 East Franklin Street
>Suite 230
>Richmond, VA  23219